**FORM 4: AFFIDAVIT TO ACCOMPANY MOTION FOR
LEAVE TO APPEAL IN FORMA PAUPERIS**

United States District Court for the
First District of Massachusetts

Lenore A. Lauro, Petitioner

v.                                             No._____

Massachusetts, Respondent

05 cv 11808 NMG

<u>Affidavit in Support of Motion to Proceed
on Appeal in Forma Pauperis</u>

    I, <u>Lenore A. Lauro</u>, being duly sworn, depose and say that I am the <u>Petitioner</u>, in the above-entitled case; that in support of my motion to proceed on appeal without being required to prepay fees, costs or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceedings or to give security therefor, that I believe I am entitled to redress; and that the issues which I desire to present on appeal are the following:

    (1) The Supreme Judicial Court of Massachusetts, twice denying application for further appellate review, sanctioned the Appellate Court's extraordinarily selective prejudicial review while it ignored evidence tampering and the failure to cure the deficiencies in the transcripts of the proceeding on review-for which this case was ordered vacated by the Appellate Court.

    (2) The Appellate Court sanctioned activity in the Orleans, MA District Court that so far departed from the accepted and usual course of judicial proceedings, as to call for an exercise of the supervisory power of the Supreme Court of the United States of America.

    (3) The sanctioned proceedings would include but not be limited to documented proof of: Massachusetts' obstruction of, interference with, and tampering of the Defendant/Appellant's evidence and right to evidence, both before and during the appellate process, to include : Loss of State's evidence of its sole witness (a booking officer) at an evidentiary hearing, <u>Findings and Order</u> on review; refusal to process Appellant's 1/28/03 order for a cassette tape until 5/6/03-or enter the cassette order on the docket for the record until court-ordered on 9/29/04; refusal for cassette orders by the appellant for open proceedings requiring the assistance of two citizens of The United States and Massachusetts who could not be obstructed; failure to provide status reports regarding the uncured record for truth-finding and due process.

    Misconduct in the Orleans District Court requiring <u>intervention and four court orders</u>: a) a vacate order of the case from the appellate court and order to cure the deficiencies in the transcripts of the proceedings before reentry in the Appeals Court for a full and proper review, b) order 9/15/04 for Orleans District Court to transmit an attested and updated docket forthwith (Perretta, J.) for purpose of appeal -a docket which the trial court had refused the appellant *pro se*, requiring exhaustive pro se motions in both courts, and an <u>order</u> for an updated docket since a

court-appointed attorney submitted a flawed brief which had edited its enclosed docket to a pre-vacate date, prematurely reassembling with the Orleans District Court the uncured record without notifying the appellant that the missing evidence was now deemed a blank tape; c) order from the Chief Justice Zoll of the district courts on 3/9/04 for Orleans District Court to transmit 8 tapes to the administrative office for a review[1]; d) June 14, 2004 an appellate <u>Order for a Certificate</u> stating the evidence is lost, a blank tape- with subsequent failure to enter sought Certificate on the appellant's record, requiring another post appeal motion for the ordered Certificate, now necessary for appeal in the Supreme Court. This motion was opposed by the Assistant District Attorney "there is no further review as a matter of law," the same attorney who had verbally requested the Certificate on June 14, 2004 (taped hearing).

2/2/20/04 Interim order: RE Appeal, The Orleans District Court denied a second unnecessary motion for the production of tapes and transcripts of the evidentiary hearing, decision on appeal. The docket shows this Interim Order was forwarded to the local police while the appellate court was not provided a status report. 7/22/04 The court issued a Memorandum and Order and refused entry on the docket of a "filed and served" affidavit (as found in the Memorandum) which Appellant had written in good faith and trust in an attempt to settle the lost evidence. The Memorandun stated "it does not appear feasible to settle the record.." The Review misapprehended this fact, and the A.D.A. misstated this fact stating the record was cured. On 7/22/04, the A.D.A. had formed the court that the appellant's trial was determined a mistrial. Thus to "avoid a declared mistrial and begin at point zero," (court) with the end to have the case instead "dismissed" this Petitioner trusted the lower court and agreed to attempt a stipulated testimony (not from the trial, from the evidentiary hearing of lost evidence with decision on review). The actions of this same judge from all hearings with his decision on review, strongly suggests he feared a review and therefore obstructed any attempts for the tapes and transcripts.

There was the trial Judge's interference with counsel at trial to remove misconduct of the police in violations and of the Constitution of the United States(on transcript); the voir dire to weed out juror bias, was utilized to chose a biased jury, (jury selection tape inaudible and all side bar of the trial is inaudible); a failure of counsel to confront police officer's testimony at trial regarding the core issues of a violation of rights; failure to correct inaccurate refusal testimony in the prosecutor's prejudicial closing statement in violation of the Fifth and Sixth Amendments.

Failure of the Review to address the transcript's clear FORGERY on the <u>Certificate of Accuracy</u> of signature of the court reporter (who is also the owner of this multi-state court reporting service); refusal to honor appellant's written request to the Orleans District Court to change court reporting services in attempt to cure deficiencies in the transcripts for which the case was vacated and ordered cured; false statements to influence actions by submitting a further missing transcript (re: 2 jurors' questions: clarification of "guilt" and the Tuey-Rodriquez) this partial section of "missing transcripts found seperated from the original" was submitted in guise of the requested evidence; blatant evidence tampering by a court-appointed attorney of a judicial footnote (re: bail) in the appellant's brief and as found again, knowingly removing evidence of a violation to bail by the police, as submitted in Massachusetts' opposition brief for further appellate review to the Supreme Judicial Court. Notified, the S.J.C. did not acknowledge.

---

[1] Phone call to the Attorney General of Massachusetts' office, in February 2004, guided Petitioner to Chief Justice Zoll @ Adm. office for investigation into the tampered evidence. F.B.I. notified and did not want to interfere with the judicial process while this case was in the appellate court.

The wrongful substitution of trial transcript for the missing evidentiary transcript of Massachusetts' sole witness, and wrongful inclusion of trial testimony of a police officer who was not in attendance at the evidentiary, hence an improper review of the lower court's decision.

Criminal harassment of the appellant by the Orleans District Court in violation of MASSACHUSETTS. General Law Section 43A by knowingly engaging in a pattern of conduct and series of acts over a period of three plus years, directed at obstructing an honest, full and accurate appellate review, which resulted in as these actions would for any reasonable person (and reason the Massachusetts S.J.C. in theory organized a task force to investigate clerks and judges and obstructions with the court records- yet in actions sanctioned by-ignoring- all above violations as documented in the Appellant's 222 page, 25 copy application for Direct Appellate Review on 3/5/04) Petitioner's withdrawal from graduate school. Petitioner is now left without a license to practice psychology and with enormous education bills for herself (Mount Holyoke College 1997, Lesley University graduate school; her three sons: University of Southern California, Williams College and University of Michigan Law School[2]) criminal harassment resulting in serious alarm and emotional distress with a withdrawal from graduate school. The educational loans did not withdraw.

Violation of the Constitution of the United States of a guaranteed right to the Pursuit of Happiness; the First, Forth, Fifth, Sixth and Fourteenth Amendment to the United States Constitution, and Article 12, 14 of the Massachusetts Declaration of Rights, etc.

I further swear that the responses which I have made to the questions and instructions below relating to my ability to pay the cost of prosecuting the appeal are true.

1. Are you presently employed? "No." The last date of employment is the year 2000 with $6,044. taxed social security income, and taxed Medicare income.

2. Have you received within the past twelve months any income from a business, profession or other form of self-employment or in the form of rent payments, interest, dividends, or other source? "Two sons are now living with me and contribute to household $400. each per month during half of the year which pays one monthly mortgage payment (below)."

3. Do you own any cash or checking or savings account? "Yes." Savings: $1, 093. @ Cape Cod 5 Bank. Checking: $1, 900.00 @ Cape Cod 5 Bank

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property?   "Yes." 1993 Saab, value $1,000. w/ no payments due. Private home where I live which I built in 1983, value, $800,000. Mortgages at Banknorth: First mortgage $17,900. $265./month; Second in 2004: $125,000. now fully drained: $800.00 per month interest.

5. List the persons who are dependent upon you for support and state your relationship to those persons. My 91 year-old father, on occasion, will live with me to recouperate after the rare surgical procedure. Otherwise, N/A   My sons, who lost their father to cancer in 1996, are well grounded and self reliant.

---

[2] Not paying sons' tuitions at present, yet educational costs are reason for single Mom's poverty

I understand that a false statement or answer to any questions in this affidavit will subject me to penalties for perjury.

Respectfully submitted,

*Lenore A. Lauro*      Lenore A. Lauro

PAIGE B. PENNYPACKER, Notary Public
commission expires: October 20, 2006

_Paige B. Pennypacker_
Notary Public

SUBSCRIBED AND SWORN TO before me this 29th day of August 2005.

Let the applicant proceed without prepayment of costs or fees or the necessity of giving security therefor.

_____
District Judge